UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Karen L. Berro,

          Plaintiff,

vs.                          REPORT AND RECOMMENDATION

Harley Lappin, Director of
Federal Bureau of Prisons;
Devin Nagle, Lieutenant;
Todd Valento, Lieutenant;
Ann Work, Chief Admin.
Appeals,

          Defendants.       Civ. No. 10-0244 (JMR/RLE)

* * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff for leave to proceed in forma pauperis ("IFP"). The Plaintiff appears pro se and, in view of the fact that her Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendants. For reasons which follow, we recommend that the Plaintiff's Complaint

be dismissed without prejudice, and that her Application to Proceed IFP be denied as moot.

## II. Factual and Procedural Background

The Plaintiff commenced this action on January 27, 2010, by the filing of a Complaint with the Clerk of Court, alleging violations of her rights under Title VII of the Civil Rights Act of 1964, see Title 42 U.S.C. §§2000e et seq. Rather than pay the $350.00 filing fee that is required for the filing of a civil action in Federal Court, the Plaintiff filed an IFP Application.

In our initial review of the Plaintiff's submissions, we found that the Plaintiff's IFP Application could not be granted because it had been signed nearly three (3) months prior to the filing of the lawsuit and, as a consequence, we were unable to determine if the Plaintiff was **presently** entitled to pauper status. Second, we found that the Plaintiff had failed to state an actionable claim for relief. In her Complaint, the Plaintiff asserted that she was seeking relief for sexual harassment, and a hostile work environment, under Title VII.

Rather than dismiss the Plaintiff's Complaint following our initial review, we granted the Plaintiff an opportunity to file an Amended Complaint so as to cure the

pleading defects that we had identified, and so as to submit a current IFP Application. In particular, we advised the Plaintiff as follows:

> That the Plaintiff shall file an Amended Complaint within thirty (30) days after the date of this Order, failing which, it may be recommended that the action be dismissed without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure.

See, Docket No. 3, at p. 6.

To date, the Plaintiff has failed to file an Amended Complaint, or otherwise respond to our Order.

### III.  Discussion

An IFP Application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim on which relief may be granted. See, Title 28 U.S.C. §1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). Here, we find that, even with the benefit of the most indulgent of constructions, the Plaintiff's submissions fail to state any legally cognizable cause of action under Title VII.

To state a cause of action on which relief can be granted, a complainant must allege a set of specific historical facts which, if proven true, would entitle her to some legal redress against the named defendants, based on some settled legal principle or

doctrine. While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions.").

Before sexual harassment will give rise to liability under Title VII, it must be "so 'severe or pervasive' as to 'alter the conditions of [the victim's] employment and create an abusive working environment.'" Faragher v. City of Boca Raton, 524 U.S. 775, 786 (1998), quoting Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986). Moreover, a hostile work environment is created when "'sexual conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.'" Cram v. Lamson & Sessions Co., 49 F.3d 466, 474 (8th Cir. 1995), quoting Hall v. Gus Constr. Co., Inc., 842 F.2d 1010, 1013 (8th Cir. 1988).

Here, as we have previously detailed, we can discern only two (2) incidents, to which the Plaintiff apparently objects, and they would not, if proven true, constitute an intimidating, hostile, or offensive working environment. While the Plaintiff may

have experienced some problems in her working environment, the Plaintiff has simply not alleged a plausible claim under Title VII. The Plaintiff makes the conclusory allegation that she was subjected to harassment, but none of the factual allegations contained in her Complaint would actually demonstrate such a claim. Notably, the Plaintiff has not alleged any facts that would connect the workplace disputes of which she complains to her sex, nor has she alleged any inappropriate sexual conduct. The mere fact that she has had workplace disputes on a few occasions is simply not enough to state an actionable claim.

Recent pronouncements by the Supreme Court, underscore the need, here, to require that a Complaint contain sufficient factual allegations to nudge the claims from the realm of possibility to that of plausibility, in order to adequately state a claim. See, <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")[citations omitted]; see also, <u>Ashcroft v. Iqbal</u>, --- U.S. ---, 129 S. Ct. 1937, 1950-51 (2009)("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

a defendant has acted unlawfully," and cautioning that "[i]t is the conclusory nature of [the plaintiffs'] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."). In a word, there is nothing alleged in the Plaintiff's current Complaint that plausibly demonstrates an actionable claim under Title VII.

In addition, we are unable to allow the Plaintiff's action to proceed because she has failed to submit an updated IFP Application and, as a consequence, we are precluded from undertaking our core responsibility to ascertain whether the Plaintiff is entitled to pauper status at this time. Accordingly, since we have previously forewarned the Plaintiff of the consequences in failing to comply with the directives of our Order of February 10, 2010, we recommend that the Plaintiff's Complaint be summarily dismissed for failure to state a claim on which relief can be granted, pursuant Title 28 U.S.C. §1915(e)(2)(B)(ii), and for lack of prosecution.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That this action be summarily dismissed, without prejudice, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii), and for lack of prosecution.

2. That the Plaintiff's Application to proceed <u>in forma pauperis</u> [Docket No. 2] be denied, as moot.

BY THE COURT:

Dated: June 4, 2010          *s/Raymond L. Erickson*
Raymond L. Erickson
CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 18, 2010**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 18, 2010**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.